LEE & CO. *v.* UNITED STATES (No. 2827)[1]

Lo Hon—Dried Fruit—Drugs.

Chinese dried fruit, known as *loh hon, loh hon gar, low hon quor,* or *lo hon qua,* was assessed under paragraph 749, Tariff Act of 1922, as fruit, and claimed to be free under paragraph 1567, providing for "Drugs such as * * * fruits * * * not edible." Paragraph 1567 is operative as to inedible drugs only, and if a drug be edible and is suitable to be eaten, it can not be admitted to free entry. Proof that the fruit is eaten as food for its medicinal value does not overcome the presumption that the collector's classification was correct.

United States Court of Customs Appeals, March 9, 1927

APPEAL from United States Customs Court, Abstract 285

[Affirmed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special attorney, of counsel), for the United States.

---

[1] T. D. 42053.

[Oral argument January 27, 1927, by Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge; and SMITH, BARBER, and HATFIELD, Associate Judges; BLAND, Associate Judge, participating in the decision by agreement of counsel

SMITH, Judge, delivered the opinion of the court:

A certain Chinese dried fruit, variously known as *loh hon gar, low hon quor, lo hon qua,* or simply as *loh hon,* imported at San Francisco, was classified by the collector of customs as prepared fruit and assessed for duty at 35 per centum ad valorem under that part of paragraph 749 of the Tariff Act of 1922, which reads as follows:

749. Fruits in their natural state or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for, * * * 35 per centum ad valorem: * * *.

The importer contended that the goods imported were drugs and that they were free of duty under section 201 and paragraph 1567 of the free list, which section and paragraph in so far as pertinent read as follows:

SEC. 201. That on and after the day following the passage of this act * * * the articles mentioned in the following paragraphs when imported into the United States * * * shall be exempt from duty;

1567. Drugs, such as barks, * * * fruits * * * and all other drugs of vegetable or animal origin; all of the foregoing which are natural and uncompounded drugs and *not edible,* and not specially provided for, and are in a crude state, not advanced in value or condition by shredding * * * or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture: * * * (Italics not quoted.)

The United States Customs Court overruled the protest and the importer appealed.

At the hearing before the United States Customs Court, Wong Hoo Chun, a witness for the importer, testified that he was engaged in the business of selling Chinese medicines and that he sold dried fruits as drugs; that he dealt in the article known as *loh hon gar,* and that it was used as a medicine for the clearing of phlegm; that it is mentioned in Chinese books as a medicine; that he put up prescriptions containing *loh hon gar;* that *loh hon gar* is used by doctors for the purpose of getting rid of phlegm; that he knew these things from his long experience in the Chinese drug business and from information derived by him from Chinese books on medicine; that when he himself had "a fever and plenty of phlegm," he used *loh hon gar* and that the use thereof resulted in ridding him of his fever and phlegm; that he has given *loh hon gar* to members of his family for fever and phlegm and that after taking it they got well; that the use of *loh hon gar* for fever and phlegm is common among the Chinese people; that to his knowledge *loh hon gar* is not used for any purpose

other than that of treating diseases; that he sold almonds, orange peel, lichee nuts, dates, plums, ginger, and puffed rice as medicines and that all of such articles are combined with other medicines and that all of them are considered as drugs; that *many edible articles* are used as medicines; that *loh hon gar* is chiefly used for medicinal purposes and is mixed with herbs and cooked in water for medicinal tea; that *loh hon gar* is sometimes used for food and at the same time it is used for medicine, and that "if a fellow has a fever he eats that as a food, but at the same time it is a medicine."

P. B. Devine, the customs examiner, testified on behalf of the importer that the *loh hon gar* was classified by him under paragraph 749 as fruits not specially provided for; that the *loh hon gar* had been dried and had not been otherwise processed, as far as he knew.

H. W. Chan testified for the importer that he was a member of the firm of Yee Wo & Co., which dealt in Chinese merchandise and that they sold *loh hon gar* to drug stores exclusively; that he knew of no use of *loh hon gar* other than as a drug.

The testimony on behalf of the importer is not sufficient, in our opinion, to overcome the presumption of correctness attaching to the collector's decision. The testimony is conclusive that *loh hon gar* is chiefly, if not solely, used as a medicine, but there was no evidence submitted by the importer which would justify us in holding that *loh hon gar* is not edible and unsuitable to be eaten. There are many fruits which have medicinal uses and which are used for medicinal purposes. Such fruits can be and are eaten as foods but the fact that they have a medicinal value does not justify their classification as inedible drugs.

Paragraph 1567 is operative as to inedible drugs only and if a drug be edible and is suitable to be eaten, it can not be admitted to free entry. The testimony of Wong Hoo Chun is clear and unmistakable that *loh hon gar* is sometimes used for food but chiefly as a medicine and that a good many "edibles" could be used as medicines. That testimony, when considered in conjunction with his testimony that almonds, ginger, orange peel, lichee nuts, dates, plums, and puffed rice are sold by him as medicines, hardly justifies the conclusion that *loh hon gar* is an inedible drug.

The samples in evidence have a sweetish flavor with a slight tang that is not unpalatable. That fact and the testimony that *loh hon gar* is used as a food, although chiefly used as a medicine or for making medicines, certainly does not establish that the importation is an inedible drug.

The judgment of the United States Customs Court must, therefore, be *affirmed*.